UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 MAY 12 AM 11:06
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CAUSE NO.:

| | |
|---|---|
| DAN P. RESTELLI & <br> DONNA C. NOVAK <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL ASSOCIATION FINANCIAL ESTATE PLANNING, INC., OF SALT LAKE CITY, UTAH; ASSET EXCHANGE STRATEGIES, INC. OF AUSTIN, TEXAS; SCOTT JANKO; DAN CORDOBA; & JEREMY FARVER <br><br> Defendants. | § § § § § § § § § § § § § § § § A14CV0445 LY |

## PLAINTIFFS' COMPLAINT FOR FRAUD, MISREPRESENTATION, BREACH OF FIDUCIARY DUTY, BREACH OF CONTRACT, AND PROFESSIONAL MALPRACTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Daniel P. Restelli and Donna C. Novak ("Plaintiffs") and file this Complaint as follows:

### I.

### INTRODUCTION

1. This is a Complaint for Fraud, Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, and Professional Malpractice with regard to Defendants' reckless misconduct

1

and willful and reckless disregard of the rules and regulations of the Internal Revenue Code regarding transactions entered into by Individual Retirement Accounts (IRA) with disqualified persons as defined in section 4975 of the Internal Revenue Code ("IRC"). The literal "smoking gun" in the files of Defendants unequivocally establishes that a mere three months after recommending that Plaintiffs' effectuate a loan from their IRA to an entity owned by Plaintiffs, Defendants' internal memo concluded that such transaction would be prohibited by the IRS and deemed invalid. Notwithstanding this knowledge, Defendants failed to inform Plaintiffs of such dire outcome and deprived them of the opportunity to reverse course and avoid a devastating financial loss. Defendants must be held accountable for their fraudulent, reckless, and grossly negligent conduct.

2. Taking advantage of Plaintiff Dan Restelli's intention to retire and having knowledge of his assets rolled over from his former employer, Underwriter's Laboratories, Inc., and of Plaintiffs' intention to maximize investment income so as to receive safe, steady income for retirement, asset appreciation as well as safety of these investments, Defendants, jointly or severally, induced and/or advised and/or convinced Plaintiffs that they could use IRA account funds owned by Plaintiffs for purposes of making a loan to an LLC also owned by Plaintiffs. Towards that end, Plaintiffs and Defendants entered into agreements which provided for the rendering of the above fraudulent and defective services and the formation of an LLC. With respect to the former, Plaintiffs and Defendant, Asset Exchange Strategies, LLC ("AES") entered into an Engagement Letter for Consulting Services dated on or about 10.10.06 (the "AES Agreement"). A true and correct copy of the AES Agreement is attached hereto as Exhibit 1. Additionally,

Plaintiffs and Defendant the National Association of Financial and Estate Planning ("NAFEP") entered into the NAFEP Order Agreement (the "NAFEP Agreement"). A true and correct copy of the NAFEP Agreement is attached hereto as Exhibit 2. Obviously, both the AES Agreement and NAFEP Agreement worked in tandem to provide the tax advice and the legal instrument in which to consummate the loan. Both Defendants are thus jointly and severally liable for their wrongful and illegal conduct and must be held accountable by this Court.

3. Defendants, jointly and severally, advised Plaintiffs orally and in writing that the aforesaid loan from his IRA to NovaRest, Inc., an Illinois company licensed to do business in Arizona and owned 20% by Dan Restelli and 80% by Ms. Novak, an otherwise disqualified person, was in compliance with IRC section 4975, having knowledge that said advice was not in compliance with section 4975 of the IRC and that such advice would lead to the disallowance by the IRS of Plaintiff Restelli's IRA account and any tax advantages normally associated with IRA accounts and otherwise place Plaintiffs' retirement assets and plans in substantial jeopardy.

4. The aforesaid advice was directly contradicted by a memo dated 3.19.07, titled "Memo Loans from a Self Directed IRA", written by Mr. Scott Janko, President of Defendant NAFEP and a partner of Defendant AES. A true and correct copy of the aforesaid memo is attached hereto as Exhibit 3 ("Defendants' Tax Memo"). Defendants' Tax Memo specifically concludes, "The Majority of legal practitioners and accounting professionals believe loans from IRA to Self are prohibited under 4975(f)(6)." (Emphasis Added.)

5. After advising in the Defendants' Tax Memo that loans to self had created concern with their members and clients, NAFEP advised that they suspended the loan to self program

until they received corroboration from the U.S. Department of Labor ("DOL"). "Our current action plan is to submit exemption requests to the Department of Labor for an actual client's loan to self scenario. Additionally we will be submitting a request for an advisory opinion regarding our interpretation of 4975(f)(6)." *Id.*

6. Research of the DOL site has disclosed no requests by either AES or NAFEP for a waiver of or instructions regarding the IRA loan to self program sold by AES and NAFEP.

7. At no time after the date of Defendants' Tax Memo did Defendants advise Plaintiffs not to proceed with the NovaRest loan.

8. According to the "Free Press Release" dated 3.1.06, distributed by AES, and referring in the heading "Asset Exchange Strategies and NAFEP Partner." – "The purpose of the partnership was an agreement making Asset Exchange the exclusive advisory firm and master distributor of self directed IRA's for NAFEP's 1200 Certified Estate Advisors (CEA) members through its Premier IV IRA-LLC product." The Press Release additionally states, "As a result of the deal, Asset Exchange Strategies will work directly NAFEP certified planners, securities reps, insurance agents, CPA's and other across the country to enable their clients to invest in real estate, notes, tax liens, private stock and other non-traditional assets with their IRA's, addressing growing demand and further expanding Asset Exchange's market reach." *Id.*

9. Defendants deliberately and in breach of their fiduciary duties to Plaintiffs, misrepresented the tax effect and risks associated with a loan from an IRA to a disqualified person.

10. By falsely and incompetently advising Plaintiffs regarding the above tax effects of a loan from an IRA to a disqualified person, Defendants have caused the IRS to make

4

demand on them for taxes and penalties in the following amounts

- 12.31.06 - $203,677.86

11. As a result of the aforesaid breaches and misconduct of Defendants, Plaintiffs were further required to participate in an audit conducted by the IRS at great expense and inconvenience requiring Plaintiffs to retain accountants and attorney to assist in their defense. The IRS concluded that the transactions were, indeed, prohibited.

12. The IRS determined that Plaintiffs are liable for additional taxes in the amount of $167,293.22. Total accounting expenses incurred by Plaintiffs to respond to the IRS audit were in the amount of $88.121.12 for a total out of pocket loss of $255,414.34 (not including attendant legal expenses which continue to accrue.).

13. Defendants and each of them alone or in concert, prepared and provided the legal documents creating the limited liability company (LLC) owned by Plaintiffs self directed IRA (D2 Real Estate Securities) for the purpose of owning real estate. Additionally, Defendants provided Plaintiffs with forms and documents, i.e., promissory note and mortgage instruments, to be used in consummation of otherwise prohibited transaction in reckless disregard and willful negligence regarding the effect of Plaintiffs using those documents.

14. As a direct consequence of Defendants' actions, the Plaintiffs were irrevocably harmed and suffered substantial damages.

## II.

## JURISDICTION

15. Plaintiffs bring this Complaint under Diversity Jurisdiction, 28 U.S.C. 1332 and the amount in controversy exceeds $75,000.00.

16. The Agreement between the parties, as below defined, provides that "In the event of commencement of any legal action regarding any terms or condition of this engagement such action by agreement is subject to the jurisdiction of the Courts of the State of Texas".

## III.

## PARTIES

17. Plaintiffs are residents of Pima County, Arizona and can be served by and through undersigned counsel, Charles A. Moster, Esq., Moster Law Firm, 4920 S. Loop 289, Suite 102, Lubbock, Texas 79414.

18. Defendant AES is an LLC organized in the State of Texas and may be served through it registered agent on record with the Texas Secretary of State, Daniel A. Cordoba, 13581 Pond Springs Road, Suite 450, Austin, Texas 78729.

19. Defendant, Daniel A. Cordoba, is a director, president, and treasurer of AES and is a resident of the State of Texas located at the following address: 411 Pecan Grove, Leander, Texas 78641.

20. Defendant Jeremy Farver is a Vice President and Director of AES and resident of the State of Texas located at the following address: 3534 Cheyenne Street, Sandy, Texas 78665.

21. Defendant NAFEP is a corporation organized under the laws of the State of Utah.

22. Defendant Scott Janko, is the President of NAFEP, and a resident of the State of Utah.

## IV.

## COUNT – 1

## NEGLIGENT MISREPRESENTATION

23. Plaintiffs incorporate by reference the allegations set forth above.

24. Defendants represented that the recommended loan from Plaintiff's IRA to NovaRest, Inc. would be legally compliant with the tax laws and regulations of the IRS and/or IRC and not be deemed a prohibited transaction.

25. Said representations were made in the course of Defendants' business operations.

26. In the course of said representations, Defendants supplied false information for use by Plaintiffs with respect to the validity of a loan from an IRA to Plaintiffs' entity with respect to the tax laws and regulations of the IRS and/or IRC.

27. Defendants did not exercise reasonable care or competence in obtaining or communicating the information.

28. Plaintiffs suffered pecuniary loss by justifiably relying on said information.

29. Plaintiffs are entitled to actual damages in an amount which will be established in court.

30. Plaintiffs are entitled to consequential damages in an amount which will be established in court.

31. Plaintiffs are entitled to Punitive damages in an amount to be determined by the trier of fact as the harm resulted from Defendants' fraud, malice, or gross negligence.

## V.

## COUNT – 2

## FRAUD

32. Plaintiffs incorporate by references the allegations set forth above.

33. Defendants represented that the recommended loan from Plaintiff's IRA to NovaRest, Inc. would be legally compliant with the tax laws and regulations of the IRS and/or IRC and not be deemed a prohibited transaction.

34. Said representations were material.

35. Said representations were false.

36. When the representations were made, Defendants knew it was false or made it recklessly without knowledge of the truth and as a positive assertion.

37. Defendants made the representations with the intent that Plaintiffs rely on them.

38. Plaintiffs relied on said representations.

39. Plaintiffs suffered injury thereby.

40. Plaintiffs are entitled to actual damages in an amount which will be established in court.

41. Plaintiffs are entitled to consequential damages in an amount which will be established in court.

42. Plaintiffs are entitled to Punitive damages in an amount to be determined by the trier of fact as the harm resulted from Defendants' fraud, malice, or gross negligence.

## VI.

## COUNT – 3

## BREACH OF FIDUCIARY DUTY

43. Plaintiffs incorporate by reference the allegations set forth above.

44. A relationship of trust and confidence existed between Plaintiffs and Defendants with regard to the performance of financial services relating to the recommended loan from Plaintiff's IRA to an entity owned by Plaintiffs. In the course of performing these services, Plaintiffs entrusted Defendants with their confidential information including but not limited to tax returns, retirement accounts, and other financial information.

45. Defendants breached their fiduciary duty of disclosure in that they failed to disclose Defendants' Tax Memo and their own determination that the very IRA loan transaction recommended was prohibited by the laws and regulations of the IRS and/or IRC.

46. Defendants breached their fiduciary duty to use reasonable care in that they failed to exercise the degree of care that a reasonably prudent person would devote to his own financial affairs.

47. As a result of Defendants breach of fiduciary duty as aforesaid, Plaintiffs sustained damage in that they were required to respond to an IRS audit and ultimate disallowance of the very loan transaction recommended by Defendants.

48. Plaintiffs are entitled to actual damages in an amount which will be established in court.

49. Plaintiffs are entitled to consequential damages in an amount which will be established in court.

9

50. Plaintiffs are entitled to Punitive damages in an amount to be determined by the trier of fact as the harm resulted from Defendants' fraud, malice, or gross negligence.

## VII.

## COUNT – 4

## BREACH OF CONTRACT

51. Plaintiffs incorporate by references the allegations set forth above.

52. Plaintiffs and Defendants entered into the AES Agreement and NAFEP Agreement (the "Agreements") as above defined and stated. See, Exhibits 1 and 2.

53. Pursuant to the Agreements, Defendants agreed to provide services with respect to estate planning, retirement planning/strategy, insurance planning, research, and the formation of an LLC to consummate the recommended loan from Plaintiffs' IRA to the LLC (the "Services").

54. Defendants breached the Agreements by recommending Services which were in patent violation of applicable tax laws and regulations as set forth by the IRS and/or IRC.

55. Plaintiffs sustained damages as a result of the aforesaid breach in an amount which will be established at trial.

56. In accordance with Texas law, Plaintiffs are entitled to the recovery of reasonable attorney's fees and costs incurred in bringing this claim.

## VIII.

## COUNT – 5

## PROFESSIONAL MALPRACTICE

57. Plaintiffs incorporate by reference the allegations set forth above.

58. Plaintiffs consulted and contracted with Defendants in their professional capacity as estate planners and experts with regard to the efficacy of financial transactions relating to the extension of loans from IRA's to an entity owned by the holder of said IRA. Moreover, Defendants held themselves out as experts and professionals with regard to the applicable IRS and/or IRC laws and regulations which pertained to the aforesaid transactions.

59. Defendants owed a duty to Plaintiffs to exercise the ordinary care and diligence exercised by other similarly situated professionals in the same or similar circumstances and were negligent in that they recommended the effectuation of a loan from Plaintiffs' IRA to an entity owned by Plaintiffs which patently violated applicable tax laws and regulations as set forth by the IRS and/or IRC.

60. Plaintiffs were damaged by Defendants failure to exercise ordinary care and diligence in that the transaction recommended by Defendants was audited and disallowed by the IRS.

61. Plaintiffs sustained damages as a result of the aforesaid breach in an amount which will be established at trial.

62. Plaintiffs are entitled to Punitive damages in an amount to be determined by the trier of fact as the harm resulted from Defendants' fraud, malice, or gross negligence.

# IX.

# PRAYER

63. Plaintiffs respectfully requests that judgment be entered with respect to the claims set forth herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

A. Judgment against Defendants in the amount of $255,414.34 with prejudgment interest thereon and postjudgment interest thereon at the highest legal rate from the date of Judgment until paid;

B. Judgment against Defendants for fraud as set forth in Count 1;

C. Judgment against Defendants for misrepresentation as set forth in Count 2;

D. Judgment against Defendants for breach of fiduciary duty as set forth in Count 3;

E. Judgment against Defendants for breach of contract as set forth in Count 4;

F. Judgment against Defendants for professional malpractice as set forth in Count 5;

G. Punitive Damages against Defendants as awarded by the trier of fact;

H. Judgment against Defendants for attorney's fees incurred in this matter;

I. Judgment against Defendants for all court costs; and

J. Such other and further relief to which Plaintiffs may show themselves entitled to receive.

Respectfully Submitted,

By /s/ Charles A. Moster
Charles A. Moster
Texas Bar No. 00797782
The Moster Law Firm
4920 S. Loop 289
Suite 102
Lubbock, Texas 79414
806.778.6486
**Attorney for Plaintiffs**